UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

BRIAN JOSEPH MCCARTHY,

        Petitioner,

        Case No. 2:17-cv-126

v.

        Honorable Gordon J. Quist

MITCH PERRY,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner Brian Joseph McCarthy is incarcerated with the Michigan Department of Corrections at the Newberry Correctional Facility (NCF) in Newberry, Luce County, Michigan. Petitioner pleaded *nolo contendere* in the Isabella County Circuit Court to distribution/promotion of child sexually abusive activity, Mich. Comp. Laws § 750.145c(3), and possession of child sexually abusive material, Mich. Comp. Laws § 750.145c(4)(a). On March 30, 2016, the court sentenced Petitioner to respective prison terms of 5 to 10½ years and 4 to 6 years.

On November 16, 2017, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on June 27, 2017. (Pet., ECF No. 1, PageID.14.)

The petition raises two grounds for relief, as follows:

I.    THE TRIAL COURT REVERSIBLY ERR[]ED BY INCORRECTLY SCORING OV 13 AT 25 POINTS, VIOLATING DEFENDANT[']S STATUTORY AND DUE PROCESS RIGHTS AT SENTENCING.

      II.      TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE ABOVE ERRORS IN VIOLATION OF DEFENDANT[']S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

(Pet., ECF No. 1, PageID.7-8.) Respondent has filed an answer to the petition (ECF No. 5) stating that the grounds should be denied because Ground I is noncognizable and/or without merit and Ground II is without merit. Upon review and applying the standards of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), I find that the grounds are either noncognizable or without merit. Accordingly, I recommend that the petition be

      Petitioner, who was on parole at the time of the offenses in question, possessed 300 images of child pornography on his computer, and he forwarded at least fifty of those images to others. (Sent. Tr., ECF No. 6-3, PageID.101.) Petitioner was charged with the two offenses to which he entered no-contest pleas, as well as two counts of using a computer to commit a crime, Mich. Comp. Laws § 752.797(3)(d). He also was charged with being a third-offense felony offender, Mich. Comp. Laws § 769.11.

      Pursuant to a plea deal, Petitioner pleaded *nolo contendere* to the charges of possessing child sexually abusive material and promoting or distributing child sexually abusive materials and to being a second-offense felony offender, Mich. Comp. Laws § 769.10. In exchange for the plea, the two counts of using a computer to commit a crime were dismissed, as was the enhancement for being a third-offense felony offender. The plea agreement also provided that the sentence would fall within the guidelines range.

      At sentencing, the court found that Offense Variable (OV) 13, Mich. Comp. Laws § 777.43, should be scored at 25 points, notwithstanding defense counsel's argument that the score on OV 13 was duplicative of the 10 points assigned on OV 12, Mich. Comp. Laws § 777.42. Counsel did not dispute the scoring of OV 12. The scoring of the sentencing guidelines resulted in a sentencing range of 29 to 71 months. (Sentencing Tr., ECF No. 6-3, PageID.101-104.)

However, given the therapist's evaluation of the duration and seriousness of Petitioner's sexually abusive activity, the court sentenced Petitioner toward the upper end of the guidelines range: 5 to 10½ years on the charge of distributing or promoting child sexually abusive material and 4 to 6 years on the charge of possessing such material. (*Id.*, PageID.106.) Both sentences were to run consecutively to Petitioner's parole sentence.

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, raising the same two grounds presented in his habeas petition. (Pet'r's Br. on Appeal, ECF No. 6-4, PageID.114.) Petitioner requested resentencing or, in the alternative, a remand for an evidentiary hearing on the effectiveness of trial counsel. (*Id.*, PageID.125.) In an order issued on November 8, 2016, the court of appeals denied leave to appeal for lack of merit in the grounds presented and denied the motion to remand because Petitioner failed to demonstrate that the issue should be initially decided by the trial court. (Mich. Ct. App. Op., ECF No. 6-4, PageID.109.)

Petitioner sought leave to appeal to the Michigan Supreme Court, again raising the two grounds presented in his habeas petition. The supreme court denied leave to appeal on May 2, 2017, because it was not persuaded that the questions should be reviewed by the court. (Mich. Op., ECF No. 6-5, PageID.176.)

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words,

4

"[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Petitioner argues, as he did in the state appellate courts, that both OV 13 and OV 12 were incorrectly scored under Michigan law and that the scoring of the variables violated due process because the findings were based on inaccurate information.

A defendant may be scored 25 points under OV 13 if the sentencing offense "was part of a pattern of felonious criminal activity involving 3 or more crimes against a person or property" within a five-year period of the sentencing offense. Mich. Comp. Laws § 777.43(1)(a); Mich. Comp. Laws § 777.43(2)(a). Petitioner argues that, despite the fact that his computer contained approximately 300 photographs of naked minors and that Petitioner had forwarded approximately 50 images to a friend from prison, insufficient evidence supported a finding that the pattern took place within the relevant five-year period. He also argues that the only description of what was depicted in the photographs was limited to "'a photo of an 11-12 year old girl who had her shirt pulled up and was completely nude on the bottom,' and one in which a 5-6 year old female was nude 'with her arms and legs sprawled out laying down.'" (Pet'r's Br. on Appeal, ECF

5

No. 6-4, PageID.123 (quoting Presentence Investigation Report (PSIR) at 3).) Petitioner argues that the description provided an insufficient basis for concluding that the photos depicted child sexually abusive material, which requires that such a photo must depict a child engaging in a "listed sexual act," Mich. Comp. Laws § 750.145c(1)(o). As defined under Mich. Comp. Laws § 750.145c(1)(i), such listed sexual acts are "sexual intercourse, erotic fondling, sadomasochistic abuse, masturbation, passive sexual involvement, sexual excitement, or erotic nudity." *Id.*

A defendant may be scored 10 points under OV 12 if "two contemporaneous felonious criminal acts involving crimes against a person were committed," Mich. Comp. Laws § 777.42(1)((b), "within 24 hours of the sentencing offense," Mich. Comp. Laws § 777.42(2)(a)(i), and "[t]he act has not and will not result in a separate conviction," Mich. Comp. Laws § 777.42(2)(a)(ii). At sentencing, the trial court expressly recognized that the two dismissed charges of using a computer to commit a crime formed the basis for the scoring of OV 12. Petitioner argues that the record does not contain sufficient information to support the 24-hour requirement or the finding that the pictures would have been felonies if prosecuted under Mich. Comp. Laws § 750.145c.

To the extent that Petitioner argues that OV 12 and OV 13 were misscored under Michigan law, his claim is not cognizable on habeas review. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 131 S. Ct. at 14; *Bradshaw v. Richey*, 546

U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

To the extent that Petitioner argues that he was sentenced in violation of due process, his claim fails. A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner does not identify any facts found by the court at sentencing that were either materially false or based on false information. He argues that the sentencing variables were supported by insufficient evidence – not that the evidence or findings were false. He therefore fails to demonstrate that his sentence violated due process. *Tucker*, 404 U.S. at 447; *United States v. Lanning*, 633 F.3d 469, 477 (6th Cir. 2011) (rejecting due process claim where the petitioner failed to point to specific inaccurate information relied upon by the court). Further, the trial court's determination of the facts is entitled to a presumption of correctness, which Petitioner has the burden of rebutting by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. Petitioner utterly fails to rebut the findings.

Accordingly, the court of appeals' rejection of Petitioner's first ground for habeas

relief was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts.

In his second ground for habeas relief, Petitioner argues that his trial attorney rendered ineffective assistance of counsel by failing to object to the scoring of OV 12 and OV 13.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Moreover, as the Supreme Court repeatedly has recognized, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington*, 562 U.S. at 105 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 571 U.S. 12, 13 (2013); *Cullen v. Pinholster*,

563 U.S. 170, 190 (2011); *Premo v. Moore*, 562 U.S. 115, 122 (2011).  In those circumstances, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Id.*; *Jackson v. Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficulty of prevailing on a *Strickland* claim in the context of habeas and AEDPA . . . .") (citing *Harrington*, 562 U.S. at 102).

The Michigan Court of Appeals squarely rejected Petitioner's challenges to the scoring of OV 12 and OV 13.  The decision of the state courts on a state-law issue is binding on a federal court.  *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983).  The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'"  *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76).  Thus, any objection to the scoring of OV 12 and OV 13 under Michigan law would have been meritless.[1]  Counsel's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel.  *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010); *O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007); *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000).

Further, as previously discussed, Petitioner completely fails to provide evidence showing that his sentence was based on inaccurate information in violation of due process.  "It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'"  *Burt*,

---

[1] The Court notes that, notwithstanding Petitioner's claim in his brief on appeal (which he relies on to support his habeas petition), defense counsel unquestionably objected to the scoring of OV 13. (*See* Sentencing Tr., ECF No. 6-3, PageID.102.)

9

571 U.S. at 23 (quoting *Strickland*, 466 U.S. at 689).  Moreover, in light of his failure to demonstrate that his sentence violated due process, Petitioner cannot show that he was prejudiced by counsel's failure to object.

For all these reasons, Petitioner fails to overcome the double deference owed to the state court's denial of his ineffective-assistance-of-counsel claim.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, I have examined each of Petitioner's claims under the *Slack* standard.  Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

I find that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims would be debatable or wrong.  Therefore, I recommend that the Court deny

10

Petitioner a certificate of appealability.

For the foregoing reasons, I recommend that the habeas corpus petition be denied.

I further recommend that a certificate of appealability be denied.


Dated:   December 3, 2018                    */s/ Timothy P. Greeley*
                                             Timothy P. Greeley
                                             United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).